## Peachie Isaac v. The State.

### No. 5137. Decided November 6, 1918.

**Theft—Insufficiency of the Evidence—Ownership.**

Where, upon trial of theft, the evidence did not show the ownership in the party named as the owner in the indictment, and was otherwise insufficient to sustain the conviction, the judgment is reversed and the cause remanded.

Appeal from the County Court of Austin. Tried below before the Hon. W. I. Hill.

Appeal from a conviction of theft under the value of fifty dollars; penalty, a fine of five dollars and confinement in the county jail for ten days.

The opinion states the case.

*Johnson, Matthaei & Thompson,* for appellant.—On question of insufficiency of the evidence and ownership: Bailey v. State, 18 Texas Crim. App., 426; Frazier v. State, 18 id., 434; Littleton v. State, 20 id., 168; Lockett v. State, 59 Texas Crim. Rep., 53, 129 S. W. Rep., 627.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—Appellant was convicted of theft and her punishment fixed at a fine of five dollars and ten days confinement in the county jail.

The information charges the theft of a hat of the value of three dollars from the possession of Mrs. Clara McDade. This alleged owner

was engaged in the millinery business and had a shop in the store of a mercantile company. She sold the hat in question to Callie Bush. It was paid for and placed in a paper bag and laid on a counter belonging to the mercantile company for the purpose of remaining until the purchaser should leave town. Appellant had left a coat and package in the store and later called and got the packages from the clerk of the mercantile company who testified that she at the same time got the paper bag with the hat in it and appellant claimed it was her hat. Appellant claimed to have gone into the store and purchased a cap and to have worn the cap leaving her hat with one of the clerks in the mercantile company's store who was told to put it in a paper bag; that she left a package also and later returned, got her package and the paper bag believing that it contained her hat; that she did not learn to the contrary until she was approached by the officers while she and another young lady were in a buggy starting home. When the officers approached her and inquired whether she had a hat in a bag she said she had, and they asked her if she owned a white hat, and she told them no. Upon examination of the bag it was found to contain a white hat, the ownership of which she disclaimed. Mrs. McDade protested against the prosecution, insisting that there was some mistake. The only State witness to contradict appellant's theory was impeached to some extent and the appellant was corroborated with reference to her conduct when approached by the officers and her disclaiming the hat that was found in the bag.

We are of the opinion that the facts did not show the ownership in Mrs. McDade, the party named as the owner in the indictment. She had sold the hat to Callie Bush, received pay for it, parted with possession of it and it had been left in the part of the store which was under the control of the mercantile company and was delivered to appellant by one of the employes of the mercantile company. We do not think that Mrs. McDade was in the attitude of a special owner. The ownership was in Miss Bush and the custody so far as there was custody appears to have been in the employes of the mercantile company. Moreover, we regard the evidence insufficient to sustain the conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*